UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

VINCENT N. MICONE, III, § Acting Secretary of Labor,
§
United States Department of Labor,[1] §
§
§
    Plaintiff, § Civil Action No. 23-41-SDD-SDJ
§ v. §
§
§
KELLY SILLS, COASTAL BRIDGE COMPANY, §
LLC, and COASTAL BRIDGE §
LLC HEALTH PLAN, §
§
§
    Defendants. §

**MOTION TO DISMISS BASED ON SECRETARY'S ORDER 03-2025**

COMES NOW, Defendants Kelly Sills and respectfully move this Court for an order dismissing Plaintiff's claims with prejudice. This Motion is based on Secretary's Order 03-2025, which mandates the immediate cessation of all investigative and enforcement actions under Executive Order 11246, thereby stripping the Department of Labor (DOL) of any authority to continue prosecuting this case.

In support, Defendants state as follows:

**I. INTRODUCTION**

On January 24, 2025, Acting Secretary of Labor Vincent N. Micone, III issued Secretary's Order 03-2025, which explicitly mandates the immediate cessation of all enforcement and investigative actions under Executive Order 11246 and the regulations promulgated thereunder. This Order applies to all ongoing investigations, complaints, and enforcement actions, including those pending before this Court.

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), Vincent N. Micone, III, Acting Secretary of Labor, is automatically substituted for former Secretary of Labor Martin Walsh.

Since the DOL's enforcement authority in this case originates from and relies upon Executive Order 11246, the DOL no longer has jurisdiction or authority to prosecute its claims against Defendants. As such, this case must be dismissed immediately.

## II. LEGAL GROUNDS FOR DISMISSAL

A. Secretary's Order 03-2025 Strips DOL of Authority Over This Case

1. Cessation of Investigative and Enforcement Actions

• Secretary's Order 03-2025, issued on January 24, 2025, directs the DOL to "cease and desist all investigative and enforcement activity" under Executive Order 11246.

• The Order applies to all DOL employees, including those involved in ongoing investigations, conciliation agreements, administrative proceedings, and litigation.

• Since this case is an enforcement action initiated by the DOL, the Secretary's Order precludes further prosecution.

2. Plaintiff Has No Jurisdiction to Continue this Case

• The Plaintiff's case is invalid because it was initiated under a rescinded legal authority.

• The President's Executive Order of January 21, 2025, which rescinded Executive Order 11246, explicitly removed the basis for any ongoing claims under its regulations.

• A lawsuit based on a rescinded Executive Order is unenforceable and should be dismissed as a matter of law.

B. The Case Must Be Dismissed for Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), dismissal is warranted when the court lacks subject matter jurisdiction. Because the DOL's enforcement authority under Executive Order 11246 has been rescinded, the DOL no longer has jurisdiction to proceed against Defendants.

• The DOL's claims were dependent on authority that no longer exists.

---

[1]   Pursuant to Federal Rule of Civil Procedure 25(d), Vincent N. Micone, III, Acting Secretary of Labor, is automatically substituted for former Secretary of Labor Martin Walsh.

• The Executive Branch's revocation of this authority is binding on the DOL and this Court.

• The DOL has no standing to continue prosecuting claims under an Executive Order that has been revoked, repealed, and nullified.

Thus, this Court lacks jurisdiction, and dismissal is required.

C. Continuing This Case Would Violate Due Process and Equal Protection

1. Unequal Application of the Law

• The DOL's continued litigation against Kelly Sills and Coastal Bridge contravenes its own Secretary's Order, which applies to all parties equally.

• Selectively enforcing a rescinded law against specific defendants while ceasing enforcement against others constitutes arbitrary and capricious government action, violating due process.

2. Failure to Provide Notice of Rescission Impact

• The DOL has failed to notify regulated parties about the termination of enforcement actions, as required by Secretary's Order 03-2025, Section 3(b).

• The DOL's failure to comply with its own procedural requirements further invalidates its claims.

Accordingly, this lawsuit is procedurally defective and must be dismissed.

## III. REQUEST FOR SANCTIONS

Given that the DOL was explicitly ordered to cease all enforcement actions, Defendants request the Court to sanction the Plaintiff under Federal Rule of Civil Procedure 11 for continuing litigation in bad faith.

• The DOL was obligated to dismiss this case voluntarily upon the issuance of Secretary's Order 03-2025 but failed to do so.

• The DOL's refusal to comply with its own Order has caused unnecessary legal expenses and hardship for Defendants.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Vincent N. Micone, III, Acting Secretary of Labor, is automatically substituted for former Secretary of Labor Martin Walsh.

Accordingly, Defendants seek:

1. An award of attorney's fees and costs incurred in defending against an unlawful prosecution; and

2. Sanctions against Plaintiff for failing to voluntarily dismiss the case as required by law.

## IV. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Defendants Kelly Sills and Coastal Bridge Company, LLC respectfully request that this Court:

1. GRANT this Motion to Dismiss, dismissing Plaintiff's claims with prejudice;

2. DECLARE that Plaintiff no longer has legal authority to prosecute claims under Executive Order 11246, pursuant to Secretary's Order 03-2025;

3. AWARD attorney's fees and litigation costs to Defendants due to Plaintiff's bad-faith continuation of this case;

4. SANCTION Plaintiff under FRCP Rule 11 for pursuing litigation in contravention of a binding Secretary's Order; and

5. GRANT any other relief that this Court deems just and proper.

Respectfully Submitted,

Kelly C Sills
January 28, 2025
2257660244

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Vincent N. Micone, III, Acting Secretary of Labor, is automatically substituted for former Secretary of Labor Martin Walsh.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2025, a true and correct copy of the foregoing document, with all attachments, has been served on all parties by email through the clerk of court.

Kelly C Sills 225-766-0244    1/28/25

Vincent N. Micone, III
Deputy Solicitor of National Operations
Performing the Duties of the Solicitor of Labor

| | |
|---|---|
| JOHN RAINWATER | UNITES STATES OF AMERICA, by |
| Regional Solicitor | |
| | RONALD C. GATHE, JR. |
| SHERYL L. VIEYRA | UNITED STATES ATTORNEY |
| Counsel for ERISA | |
| MATTHEW P. SALLUSTI | DAVIS RHORER, JR. |
| Senior Trial Attorney | Assistant United States Attorney |
| Texas Bar No. 24013447 | LBN 37519 |
| U.S. Department of Labor | 777 Florida Street, Suite 208 |
| Office of the Solicitor | Baton Rouge, LA 70801 |
| 525 S. Griffin Street, Suite 501 | Telephone: (225) 389-0443 |
| Dallas, Texas 75202 | Cell phone: (225) 326-5710 |
| Telephone: (972) 850-3117 | Email: davis.rhorer@usdoj.gov |
| Facsimile: (972) 850-3101 | |
| Email: sallusti.matthew@dol.gov | Local Counsel |
| docket.dallas@dol.gov | |

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d), Vincent N. Micone, III, Acting Secretary of Labor, is automatically substituted for former Secretary of Labor Martin Walsh.

RSOL NO. 0650-23-0008

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Vincent N. Micone, III, Acting Secretary of Labor, is automatically substituted for former Secretary of Labor Martin Walsh.