# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARTIN J. WALSH**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 23-41-SDD-SDJ**

**KELLY SILLS, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 12, 2025.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARTIN J. WALSH**                                          **CIVIL ACTION**

**VERSUS**                                                  **NO. 23-41-SDD-SDJ**

**KELLY SILLS, ET AL**

## AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss Based on Secretary's Order 03-2025 (R. Doc. 68). The Motion is opposed (R. Doc. 70). For the reasons discussed below, the undersigned **RECOMENDS** that the Motion to Dismiss be **DENIED**.

## I.       BACKGROUND

On or around January 24, 2023, Plaintiff Martin J. Walsh, the Secretary of Labor for the United States Department of Labor, filed an action against Defendants Kelly Sills, Coastal Bridge Company, LLC, and Coastal Bridge Company, LLC, Plan pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq*.[1] Jurisdiction of the action lies with this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).[2]

Defendant Coastal Bridge Company, LLC, Plan was an employee welfare benefit plan and was maintained by Defendant Coastal Bridge Company, LLC.[3] Defendant Kelly Sills was the president and owner of the Company and acted on its behalf with respect to the Plan in Baton Rouge, Louisiana.[4] The Plan is a group benefit plan that included health, life, dental, vision, short-term disability, long-term disability, accidental death and dismemberment, cancer, accident, and

---

[1] R. Doc. 1 at 1.
[2] *Id*.
[3] *Id*. at 2.
[4] *Id*.

critical illness insurance coverages for employees of the Company.[5] The Company offered fully insured dental and vision coverage through Ameritas, fully insured cancer, accident, and critical illness coverage through Guardian, and self-insured health insurance through Blue Cross Blue Shield Louisiana.[6] Employees paid their portion of their insurance coverages through payroll withholdings. The Company served as the Plan Administrator and was responsible for collecting and forwarding contributions withheld from participants' paychecks to Ameritas, Guardian, and Blue Cross Blue Shield Louisiana. Sills was an authorized signatory to the Company's bank account with the authority to transfer funds to and from the account.[7] Plaintiff's Complaint alleges that Sills directed the finances of the Company, including the disposition of Plan assets held by the Company, and was a signatory on checks sent on the Company's behalf to pay the Plan's insurance premiums for the fully funded policies through Guardian and Ameritas and the administrative fees and claims reimbursement for the self-funded health insurance though Blue Cross Blue Shield Louisiana.[8]

Plaintiff's Complaint alleges that from at least September 1, 2019, through December 27, 2019, the Company and Sills withheld employee contributions for dental and vision insurance but did not forward $7,131.16 in withheld dental insurance premiums and $2,749.80 in withheld vision insurance premiums to Ameritas.[9] Sills and the Company failed to pay Guardian $2,772.18 in withheld cancer insurance premiums, $2,902.56 in withheld accident insurance premiums, and $2,271.03 in withheld critical illness insurance premiums.[10] From at least December 1, 2019, through December 27, 2019, the Company withheld $20,138.70 in employee contributions for

---

[5] *Id.* at 3-4.
[6] *Id.* at 3.
[7] *Id.* at 4.
[8] *Id.*
[9] *Id.*
[10] *Id.*

medical insurance from employee paychecks but did not pay invoices from Blue Cross Blue Shield Louisiana.[11] Additionally, prior to December 1, 2019, the Company and Sills frequently failed to pay Blue Cross Blue Shield Louisiana invoices on time, resulting in retroactive termination of coverage, temporary gaps in coverage, suspensions of claims processing, and pay holds on claims. The changes in status of the health insurance coverage and claims processing resulted in some participants' claims remaining unprocessed and unpaid.[12] On February 28, 2020, a Blue Cross Blue Shield Louisiana attorney sent Sills a letter, informing him that Blue Cross Blue Shield Louisiana sought $78,119.85 for medical and prescription drug claims that accrued before the plan terminated effective December 27, 2019, and that Blue Cross Blue Shield Louisiana had suspended the payment of all claims effective December 20, 2019, due to nonpayment.[13] The letter further informed Sills that there was an outstanding balance due to Blue Cross Blue Shield Louisiana for administrative services fees in the amount of $12,355.23 and that Blue Cross Blue Shield Louisiana had suspended all administrative services because of the delinquency in payment.[14] Plaintiff's Complaint alleges that least 81 Plan participants had health insurance claims denied, resulting in unpaid medical expenses, due to Sills' and the Company's late payment and nonpayment of Blue Cross Blue Shield Louisiana invoices and failure to remit employee pay withholdings to Blue Cross Blue Shield Louisiana.[15]

On January 29, 2025, Defendant Sills filed a Motion to Dismiss Based on Secretary's Order 03-2025, i.e., the President's revocation of EO 11246.[16] Prior to Defendant Sills filing this motion,

---

[11] *Id*. at 5.
[12] *Id*.
[13] *Id*. at 6.
[14] *Id*.
[15] *Id*. at 7.
[16] R. Doc. 68.

Plaintiff's Counsel advised Defendant Sills that Executive Order 11246 had no applicability whatsoever to this proceeding.[17]

## II.    LAW & ANALYSIS

The purpose of Secretary's Order 03-2025 was to immediately cease and desist all investigative and enforcement activity under the rescinded Executive Order 11246, *Equal Employment Opportunity*, and all regulations under it.[18] The Secretary's Order was issued pursuant to the President's Executive Order, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity* (January 21, 2025), which repeals Executive Order 11246 and its subsequent amendments.[19] The Plaintiff did not initiate litigation under Executive Order 11246. This litigation was brought only under ERISA (29 U.S.C. §§1001 et seq.) for Defendant Sills' alleged fiduciary breaches. Executive Order 11246 does not apply to this ERISA matter, and subsequently, Secretary's Order 03-2025 does not apply. Defendant Sills' argument that Secretary's Order 03-2025 applies to this litigation is without any merit.

## III.    RECOMMENDATION

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED.**

Signed in Baton Rouge, Louisiana, on September 12, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] R. Doc. 70-1.
[18] R. Doc. 70-3.
[19] *Id*.