UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LORI CHAVEZ-DEREMER<br>Secretary of Labor, US Dept<br>of Labor | CIVIL ACTION |
| VERSUS | 23-41-SDD-SDJ |
| KELLY SILLS, COASTAL BRIDGE<br>COMPANY, LLC AND COASTAL<br>BRIDGE LLC HEALTH PLAN | |

## RULING

This matter is before the Court on the Motion for Summary Judgment[1] filed by Plaintiff Lori Chavez-Deremer, the Secretary of Labor, United States Department of Labor ("Plaintiff").[2] Defendant Kelly Sills ("Defendant") filed an Opposition[3] to the Motion and then filed several additional briefs without leave of Court.[4] Plaintiff filed Replies.[5] For the reasons which follow, the Plaintiff's Motion will be granted.

**I.    BACKGROUND**

Plaintiff sued Defendant under the Employee Retirement Income Security Act ("ERISA"). Defendant is the president of Coastal Bridge Company, LLC ("Coastal"). Coastal is owned by Coastal Investment Holdings, of which Defendant owns one hundred percent. Coastal offered a group benefit Plan (the "Plan") that included health, life, dental,

---

[1] Rec. Doc. 76.
[2] This action was originally filed on behalf of Martin Walsh, then-Secretary of Labor, and the United States Department of Labor. The current Secretary of Labor, Lori Chavez-Deremer, has been substituted as the proper Plaintiff.
[3] Rec. Doc. 82.
[4] Rec. Docs. 83, 86, 87, 100.
[5] Rec. Docs. 85, 101.

vision, short term disability, long-term disability, accidental death and dismemberment, cancer, accident, and critical illness insurance coverages for full time employees of Coastal who worked at least 30 hours per week. The agreement for the Plan was entered into by Coastal and Blue Cross Blue Shield of Louisiana ("BCBSLA") on April 1, 2019. The insurance broker for the Plan was BXS Insurance ("BXS"). From September 1, 2019, until the Plan was retroactively terminated by Defendant on January 6, 2020, with an effective date of December 27, 2019, employees of Coastal had contributions withheld from their paychecks. Coastal frequently failed to timely pay the premiums for the Plan, if it paid at all. In December 2019, none of the insurers that provided the Plan were paid.

At least 78 employee participants in the Coastal BCBSLA Plan had health insurance claims denied or delayed due to lapses in coverage caused by Defendant's failure to pay premiums. Plaintiff maintains Defendant has violated the following sections of ERISA:

- Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5);
- Sections 409(a) and 502(a)(5), 29 U.S.C. §§ 1109(a) and 1132(a)(5);
- Sections 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);
- Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);
- Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);
- Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);
- Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1);
- Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2); and
- Section 405, 29 U.S.C. § 1105.

On June 22, 2023, a default judgment was entered against Coastal Bridge Company, LLC. Defendant has been representing himself *pro se* since that time. As the record reflects, after Plaintiff filed a Motion for Summary Judgment, Defendant filed an Opposition and numerous other briefs/motions, without leave of Court, none of which substantively responded to Plaintiff's arguments under ERISA.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

In reviewing a party's motion for summary judgment, the Court will grant the motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[6] This determination is made "in the light most favorable to the opposing party."[7] "When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial."[8] If the moving party satisfies its burden, "the non-movant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial."[9] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[10]

Notably, "[a] genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[11] All reasonable factual inferences are drawn in favor of the nonmoving party.[12] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary

---

[6] Fed. R. Civ. P. 56(a).
[7] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. Moore, Federal Practice 56.15(3) (2d ed. 1966)).
[8] *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 333–34 (1986)).
[9] *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986)).
[10] *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson*, 477 U.S. at 248)).
[12] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[13] "Conclusory allegations unsupported by specific facts . . . will not prevent an award of summary judgment."[14]

### B. *Pro Se* Status

From the inception of this litigation Defendant has represented himself, and he initially attempted to represent Coastal; however, the Court advised Defendant that corporations and partnerships must be represented by counsel.[15]  The Court acknowledges that "[p]ro se pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers."[16]  However, a *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer,"[17] and as set forth by the district court for the Eastern District of Louisiana: "Courts grant leniency to *pro se* litigants, but this leniency has its limits."[18]  Moreover, "[d]espite our general willingness to construe *pro se* filings liberally, we still require pro se parties to fundamentally 'abide by the rules that govern the federal courts.'"[19] "*Pro se* litigants must abide by the Federal Rules of Civil Procedure...."[20] and the Local Rules of this Court.[21]

### C. Local and Federal Rules

Although Rule 56 and this Court's local rules governing summary judgment are procedural rules, they explain what evidence must be placed in the record for the Court

---

[13] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998)).
[14] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994).
[15] Rec. Doc. 42.
[16] *Berry v. LoanCity*, 489 F.Supp.3d 441, 446 (M.D. La. 2020)(cleaned up).
[17] *Id.* (cleaned up).
[18] *United States of America v. 1369 Madrid Street, New Orleans, Louisiana 70122*, 2021 WL 5232472, *3 (E.D. La. Nov. 10, 2021).
[19] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (citation omitted).
[20] *Stewart v. Atherio Inc.*, No. 16-1731, 2018 WL 1899291, at *2 (N.D. Tex. Apr. 19, 2018).
[21] *Perkins v. Advance Stores Co., Inc.*, No. 23-73, 2023 WL 2731033, at *1 (M.D. La. Mar. 30, 2023).

to consider when deciding a motion for summary judgment. The Court can only base its decision on competent evidence that has been properly submitted into the record. If a party does not submit such evidence, the Court's hands are tied. It cannot consider unsupported statements or arguments. Under these circumstances, the Court must decide the motion based only on the evidence that is properly in the record, and the absence of such evidence can be fatal to a party's claim or defense.

Defendant has repeatedly failed to follow the Federal Rules of Civil Procedure and the Local Rules for the Middle District. Local Rule 7(f) requires that, "Leave of court must be obtained to file surreplies in Rule 12 and Rule 56 motions." Defendant filed at least six purportedly substantive responses to Plaintiff's Motion without seeking leave of court, clearly violating Local Rule 7(f). However, considering Defendant's *pro se* status, the Court reviewed Defendant's filings.

Defendant also and failed to submit an Opposing Statement of Material Facts as required by Local Rule 56(c) or comply with responses due by Local Rule 56(f). Local Rule 56(c) requires that

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph and supported by a record citation as required by subsection (f) of this rule.

A party who fails to provide an opposing statement of material facts suffers the consequences of rule 56(f), which provides that: "Facts contained in a supporting or

opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Plaintiff complied with this rule and filed its Statement of Uncontested Material Facts supported by citation to competent summary judgment evidence in the record. Defendant failed to file an opposing statement of material facts, and he failed to admit, deny, or qualify any of the facts asserted by Plaintiff. Accordingly, each of Plaintiff's facts is deemed admitted for the purposes of this motion.

Defendant contends that, under Federal Rule of Civil Procedure 56(d), the Court should deny Plaintiff's motion for summary judgment. But Rule 56(d) requires a nonmovant to show, by affidavit or declaration, specific reasons he cannot present facts essential to justify his opposition. Defendant has failed to provide any affidavit or declaration or make any showing why he cannot present facts essential to opposing Plaintiff's motion.

### D. Facts Deemed Admitted and Supported by Record Evidence

1. <u>Defendant oversaw and was responsible for all activities of Coastal.</u>[22]

Defendant was the president and owner of Coastal at all relevant times. Defendant acted on Coastal's behalf in working with BSX to secure the BCBSLA Plan in Baton Rouge, Louisiana, within the jurisdiction of this Court. Defendant possessed and exercised discretionary authority, control, and responsibility over Plan management and administration, and he exercised actual control over Plan assets. Defendant was the sole owner of Coastal and had authority to hire, promote, and fire any of its employees. Defendant was an authorized signatory to Coastal's bank account with the authority to

---

[22] Rec. Doc. 76-1, ¶¶ 4-20.

transfer funds to and from this account. Among other duties, Defendant directed the finances of the Company.

### 2. Defendant was a fiduciary of Coastal for purposes of ERISA.[23]

Defendant was also a fiduciary and party in interest with respect to the Plan within the meaning of ERISA. The Company offered fully insured dental and vision coverage through Ameritas; it offered fully insured cancer, accident, and critical illness insurance through Guardian; and it offered self-insured health insurance through Blue Cross Blue Shield Louisiana. Defendant deducted health care premiums from employees' paychecks for dental, vision, cancer, accident, and critical illness. Coastal and BCBSLA entered into an Administrative Service Agreement ("ASA"), which was effective April 1, 2019.

### 3. Defendant intentionally failed to comply with ERISA.[24]

Under the ASA, Coastal was required to fund the Plan, pay monthly administrative fees, and claim reimbursement to BCBSLA. Employees paid their portion of their insurance coverage through payroll withholdings. Coastal served as the Plan Administrator and was responsible for collecting and forwarding employee contributions withheld from participants' paychecks to Ameritas, Guardian, and BCBSLA, and for satisfying the notice, disclosure, and other obligations placed on Plan administrators by ERISA.

Defendant chose not to pay those invoices and eventually cancelled all health insurance, but not before health care providers refused to ensure that Plan participants had coverage in effect. Defendant was the ultimate decision-maker concerning what bills were paid or not paid. Defendant also refused to implement a run-out agreement offered

---

[23] *Id.* at ¶¶ 4, 12, 13, 14, 51, 52.
[24] *Id.* at ¶¶ 16, 18, 21, 22.

by BXS, which would have required Coastal to pay the past due health care invoices and would have resulted in restoring health care coverage for the remaining health care claims to be reviewed and paid.

    4. <u>Defendant withheld insurance payments from his employees but did not use that money to pay for their insurance coverage.</u>[25]

Because Defendant and Coastal continued to withhold employee contributions from participants' pay through December 27, 2019, participants and beneficiaries reasonably believed their medical claims would be processed and paid. Coastal processed its own payroll. Although Defendant had the ability and means to stop the deductions, Defendant continued to allow employee health care contributions to be deducted from employees' paychecks even though the deductions did not pay the intended purpose. As a result of Defendant's failure to notify all participants and beneficiaries that amounts owed to BCBSLA were unpaid, participants and beneficiaries continued to seek benefits under the Plan with the belief that coverage and claims processing remained active. Thus, participants and beneficiaries did not seek other health insurance coverage.

    5. <u>Coastal's May 4, 2020, payment of $78,119.85, via check signed by Defendant, did not cover all unpaid claims. The balance remains $209,466.34, plus prejudgment interest.</u>[26]

This payment covered the amount billed for medical and prescription drug claims that accrued before the Plan was terminated effective December 27, 2019, but it did not cover claims that remained unpaid due to the suspension of the ASA for nonpayment or denied claims that BCBSLA received during lapses in coverage that were not

---

[25] *Id.* at ¶¶ 45, 46, 47, 51, 52.
[26] *Id.* at ¶ 38.

reprocessed. This amount also did not include run-out claims, i.e., claims in which a Plan participant received service before December 27, 2019, but BCBSLA did not receive the claim before the Plan was terminated. Coastal and Defendant are responsible for all unpaid claims during the suspension of the ASA, claims not reprocessed after reinstatement of insurance coverage, and all run-out claims.

      6. <u>Nationwide is not responsible for Defendant's and/or Coastal's ERISA violations.</u>[27]

Nationwide Mutual Insurance Company ("Nationwide") issued various performance and payment bonds that name Coastal as principal. To induce Nationwide to execute these surety bonds, Coastal and Defendant executed a General Indemnity Agreement, or an amendment thereto, in favor of Nationwide. Nationwide never had any role whatsoever regarding medical claims associated with the Plan, specifically but not limited to those medical claims that went unpaid or uncovered.

**E. Defendant has Substantively Failed to Respond**

Despite Defendant's procedural failures, the Court nevertheless considered the merits of his filings and the evidence he submitted in defending Plaintiff's motion. The Court finds that Defendant has failed to substantively oppose Plaintiff's motion, and he has failed to demonstrate the existence of any genuine disputes of material facts that would preclude summary judgment in favor of Plaintiff.

First, Defendant has provided no admissible evidence. While Defendant offers documents he believes support his argument that he is not an ERISA fiduciary, the contents of the documents do no such thing. In fact, Defendant has failed to offer a single document that controverts any evidence submitted by Plaintiff.

---

[27] *Id.* at ¶¶ 57, 68.

Second, Defendant has not taken any depositions in this matter, and he erroneously claims he was not provided with a copy of his own deposition.[28] Although discovery in this matter closed on March 3, 2025, and Defendant took no action to obtain discovery in the past year, Defendant inexplicably claims he needs more time for discovery.[29]

Third, Defendant has routinely failed to comply with discovery and other orders issued by the Court.[30] For example, although Defendant was obliged to deliver documents to Plaintiff, he ordered the Plaintiff to retrieve the documents from his own business office.

Finally, Defendant has not advanced a single legal theory or argument supported by any applicable authority. Although Defendant repeatedly claims he is not a fiduciary as defined by ERISA, and that Plaintiff has failed to meet its summary judgment burden, he has offered no meritorious justification or reasoning aside from his own conclusory opinions.

---

[28] *See* Rec. Docs. 78, 81, 81-1, 81-2.
[29] Rec. Doc. 43.
[30] *See* Rec. Docs. 43, 74, 88.

## III.    CONCLUSION

For the foregoing reasons, Motion for Summary Judgment[31] filed by Lori Chavez-Deremer, the Secretary of Labor, United States Department of Labor is GRANTED. Within ten (10) days from the date of this Ruling, Plaintiff shall submit a Proposed Judgment and/or advise the Court if a hearing on damages is necessary.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 12th day of March, 2026.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. 76.